[Civ. No. 14130. Second Dist., Div. Two. June 28, 1943.]

Estate of WILLIAM ABDALE, Deceased. DEPARTMENT OF INSTITUTIONS OF THE STATE OF CALIFORNIA, Appellant, v. BEN H. BROWN, Public Administrator, etc., Respondent.

Robert E. Hatch for Appellant.

J. H. O'Connor, County Counsel, and William E. Lamoreaux, Deputy County Counsel, for Respondent.

WOOD (W. J.), J.—William Abdale died while a resident of the county of Los Angeles and was survived by Alfred

446

Abdale, an incompetent, an inmate of the Sonoma State Hospital. The appellant, Department of Institutions of the State of California, is the guardian of the estate of Alfred Abdale under appointment by the Superior Court of the City and County of San Francisco. Ben H. Brown, the respondent, is the Public Administrator of Los Angeles County. Applications for letters of administration of the estate of William Abdale were filed respectively by the appellant and the respondent. The superior court ordered that letters of administration issue to the public administrator and from this order the department has appealed.

Appellant bases its claim to letters of administration upon section 426 of the Probate Code, which provides as follows: "If a person otherwise entitled to administer is a minor or an incompetent person, letters may be granted to his or her guardian, or any other person entitled to letters, in the discretion of the court." Appellant argues that since it has been appointed guardian of the estate of Alfred Abdale it has the right under the provisions of this section to letters of administration of the estate of the deceased uncle of its ward.

The respondent public administrator is the official whose duty it is to administer the estates of deceased persons in cases where others are not given priority by law. This official should be appointed as administrator unless statutory authority is found for the appointment of the Department of Institutions. It is argued that this authority is found in section 6660 of the Welfare and Institutions Code of the State of California.

Article V of the Welfare and Institutions Code contains 15 sections numbered from 6650 to 6664. All of these sections deal with the subject of the property and support of inmates of state institutions. Section 6660 provides that the Department of Institutions may apply to a court of competent jurisdiction to be appointed guardian of the estate of an incompetent person committed to the home for the feeble minded if such incompetent person has no guardian. The department is also authorized by this section to act as administrator of the estate of an incompetent who dies while an inmate of such institution, leaving an estate but having no relatives at the time residing within the State of California. It is apparent that the purpose of section 6660 is to place the state in position to reimburse itself from the property of its wards, and for this reason the department is authorized to act, under

given circumstances, as guardian of the estate of the ward or as administrator of the estate of a deceased ward. Nothing is contained in the section in question which gives the department the right to act as administrator of the estate of a deceased relative of one of its wards. Nor is such power implied in order to carry out the purposes of the section.

Although section 426 of the Probate Code empowers the court to appoint the guardian of an incompetent person as administrator of an estate of a deceased relative, the court is not authorized to appoint any person or institution not having the legal capacity to act as administrator. Since the department did not have legal capacity to act as guardian of the deceased relative of an inmate it follows that the court did not err in denying its petition for letters of administration.

The order is affirmed.

Moore, P. J., and McComb, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 26, 1943.